PEDRO CORREA MACHÍN, Plaintiff and Appellee, *v.* HÉCTOR J. CORREA VÉLEZ and MARÍA NIEVES RODRÍGUEZ, Defendants and Appellant the latter.

No. R-66-246.    Decided June 11, 1969.

*Gloria M. Mimoso Raspaldo* for appellant. *Elí B. Arroyo* for appellee. *Francisco Torres Aguiar* for Héctor J. Correa Vélez.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

### JUDGMENT

The plaintiff, Pedro Correa Machín, filed a complaint against his son Héctor J. Correa Vélez and the latter's ex-wife María Nieves Rodríguez, claiming the title upon three properties which according to plaintiff were acquired by him and that for personal reasons he made the title of said properties appear in favor of said defendants. It was alleged

in the complaint, filed on November 1, 1962, that on April 23 of said year, final and unappealable judgment had been rendered declaring the matrimonial bond between defendants broken and dissolved.

The codefendant son, Héctor J. Correa Vélez, accepted the averments of the complaint in his answer and alleged having been prevented from conveying the title to his father, the plaintiff, because he needed the consent of the codefendant María Nieves Rodríguez. The latter denied the complaint.

The case having been heard on the merits, the trial court decreed that the title upon said properties belonged to the plaintiff and ordered that it be thus set forth in the Registry of Property. The present appeal was filed against this judgment.

It arises from the documentary evidence that on October 23, 1957, and by deed No. 143 executed before Notary Ángel F. Vélez Pozo in San Juan, José Manuel Pérez Moris sold to Héctor Correa and his wife María Nieves Rodríguez a property consisting of house and lot located on La Luna Street of San Juan for the price of $8,000. It was set forth that the property was subject to a mortgage for $5,000 in favor of Eduardo Franco and to another mortgage for $1,000 in favor of the holder of the mortgage note. It was set forth, also, that in that act, and in the presence of the Notary, the purchasers delivered to the vendor the sum of $2,000 cash, retaining the remainder of $6,000 to pay the aforesaid mortgages on due time. This sale was recorded in the Registry of Property of San Juan in favor of the purchasers.

By deed No. 144 executed in San Juan on the same date, October 23, 1957, and before Notary Ángel F. Vélez Pozo, José Manuel Pérez Moris sold to Héctor Correa and his wife María Nieves Rodríguez two properties: Lot and three-story house located on Cerra Street of Santurce, marked with number 70 of said street, and lot and two-story house in the said Cerra Street marked with number 78. It was set forth

that said properties were encumbered with first mortgage for the sum of $45,000. The sale price was $48,000, of which amount the purchasers delivered $3,000 cash at once and in the presence of the Notary, and retained $45,000 to pay the aforesaid mortgage on due time. This sale was recorded in the Registry of Property of San Juan in favor of the purchaser spouses.

By deed No. 54 executed before Notary Ángel F. Vélez Pozo in San Juan on April 14, 1958, the defendants, Héctor Correa and his wife constituted mortgage on the three properties they acquired by deeds Nos. 143 and 144 in favor of the holder of a mortgage note for the amount of $30,000, its interest at 8 percent per annum and an additional credit of $3,000 for the execution thereof. The holder of the note recorded the foregoing mortgage.

The plaintiff testified that because of a pending investigation as to his income tax and to avoid increasing said income for a certain year, he decided to acquire those properties making his son and the latter's ex-wife appear as owners. He said he had furnished the money for the transaction. He said he had paid the mortgages encumbering the property on Luna Street but he presented no documentary evidence of the cancellation of the one for $5,000 in favor of Eduardo Franco, nor was the latter brought to testify about said cancellation. The defendant did present, as being in his possession, the $1,000 note payable to bearer, stating that he had paid it but without mentioning to whom. As to the $45,000 mortgage lien encumbering the properties on Cerra Street, he testified that it had not yet been paid. He also testified that he was the owner of the $30,000 note payable to bearer issued by the defendants subsequent to the acquisition of the properties.

The judgment of the trial court granting the complaint was fundamentally grounded on the verbal statements of the plaintiff already mentioned. We believe that that evidence was not sufficiently robust at law to destroy the strong pre-

sumption of the community nature of those properties, particularly in view of the fact that the portion of the payment made in cash in both acquisitions was performed before the Notary and in his presence, to which he attested.

Considering the record in all its circumstances, it was neither improbable nor impossible that the defendant, plaintiff's son, could have at that moment the cash needed to perform said transactions. The plaintiff could have presented stronger evidence of all the other circumstances, other than his mere statements, and he did not do it. The circumstance that his son had divorced from the codefendant María Nieves Rodríguez months before, the problem of the division of the community property arising, and the attitude assumed by the son accepting a complaint which affected deeply that division, required more convincing evidence and of greater sufficiency in order to annul the titles recorded.

The judgment rendered by the San Juan Part of the Superior Court on June 29, 1966 granting the complaint will be reversed, and another rendered dismissing it, without prejudice to plaintiff's right to claim from the defendants those credits he might have against the conjugal partnership in relation to the liens of said properties or other payments made by the plaintiff in favor of said properties.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Joaquín Berríos
*Clerk*